UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD E. PHILIPPI, JR., )<br>                          )<br>        Petitioner, )<br>                          )<br>vs.                          )<br>                          )<br>WARDEN PALMER, *et al.,* )<br>                          )<br>       Respondents. ) | 3:11-cv-00447-HDM-VPC<br><br>ORDER |

        This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* Before the Court are petitioner's Motion to Open Sealed File (ECF No. 20), Motion to Strike Surplusage From the Criminal Information (ECF No. 21), and Motion for Copy of Supplement Petition and Exhibits (ECF No. 28). Respondents oppose the motion to strike and the motion to open the sealed file. They have not opposed the motion for copies.

        A.        <u>Motion to Open Sealed File</u>

        Petitioner moves the Court to unseal state court file of his wife, Terry Nadine Philippi, on the basis that the file may contain information relevant and helpful to his prosecution of the instant federal habeas proceedings. Petitioner avers that the file contains evidence that the victim of the sexual assault for which petitioner was convicted was coached in her trial testimony by her mother.

        Respondents oppose the motion on the basis that Nevada law would not permit this file to be unsealed. *See* Nevada Revised Statutes (NRS) § 62H.100-170 and § 173.295. Respondents also suggest that the instant motion would more properly be presented to the State courts. Additionally,

respondents argue that the claims that would be supported by any evidence contained in the file are unexhausted and could not be used in these proceedings under *Cullen v. Pinholster,* 536 U.S. ___, ___, 131 S. Ct. 1388, 1398 (2011).

The motion to unseal the Terry Nadine Philippi file shall be denied. The arguments presented in petitioner's motion do not persuade that Court that a proper legal basis exists to allow petitioner to review the file. Petitioner's motion is more properly made in the state court which would have jurisdiction to hear the matter.

### B. Motion to Strike Surplusage

In this motion, petitioner seeks an order from this Court directing the state court to change verbiage in the charging document and all other relevant documents in his criminal file under which he was convicted. He desires a change in any reference from Sexual Assault "Upon A Child Under the Age of Sixteen (16) Years" to Sexual Assault "Upon a Teen Aged Female Under the Age of Sixteen (16) Years."

Petitioner apparently seeks the change to remove any suggestion that he is a "child liker or pedophile." *See* Motion, p. 1. The motion is devoid of legal authority for granting such a request, save for a reference to Nevada Revised Statutes § 173.085 which provides that "the court, upon motion by the defendant, may strike any surplusage from the indictment or information."

In opposing the motion, respondents note that the Nevada statute is inapplicable in federal habeas proceedings, that the language petitioner seeks stricken is not surplusage, but is the name of the crime for which petitioner was convicted and that the motion is untimely. Petitioner's reply argues that he had asked his trial counsel to make the change at the time of trial. This motion shall be denied as the language change sought is not contemplated in the law and is not relevant to the proceedings before this Court.

### C. Motion for Copy

Petitioner seeks a copy of his supplemental to the petition and the supporting exhibits found in the Court's docket at ECF Nos. 22 and 23. Petitioner asserts that he could not afford to make the additional copy of his brief and exhibits at the time they were filed and that he misunderstood the local court rules on the subject. The motion is unopposed.

1  The Court notes that the supplement and exhibits include several hundred pages which would cost a large sum should this indigent petitioner be required to pay for the copies.  However, the Court also recognizes the importance of petitioner being able to retain a complete record of his proceedings.  Rather than impose the cost of such copy work upon the Court and its staff, and because the Court's records are maintained digitally, the Court will direct the Clerk of Court to return the original documents to petitioner.

**IT IS THEREFORE ORDERED** that petitioner's motions to strike surplusage and to unseal a state court file (ECF Nos. 20 and 21) are **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Copy (ECF No. 28) is **GRANTED.** The Clerk shall return to petitioner the original copy of his Supplement to the Petition and accompanying exhibits currently found in the Court's Daily Records and filed on November 23, 2011.

Dated, this 8th day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE