**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONALD E. PHILIPPI, JR., )
　　　　　　　　　　　　　　）
　　　　Petitioner, ) 3:11-cv-00447-HDM-VPC
　　　　　　　　　　　　　　）
vs. )
　　　　　　　　　　　　　　) ORDER
WARDEN PALMER, *et al.*, )
　　　　　　　　　　　　　　）
　　　　Respondents. )

　　　　This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the Court is respondents' motion to dismiss the petition (ECF No. 7), petitioner's opposition (ECF No. 22) and respondents' reply (ECF No. 24).

**I.　　Procedural Background**

　　　　Following a jury trial which concluded on February 1, 2000, petitioner was convicted on two counts of sexual assault upon a child under the age of 16 years. Exhibit 47.[1] Petitioner was sentenced to a term of five years to life in prison on Count I and to a consecutive term of 20 years to life on Count II. *Id.* Petitioner appealed the conviction raising six claims for relief:

　　1.　　The admission of a written statement made by the alleged victim in October 1995 resulted in an improper and prejudicial advantage to the State.

　　2.　　The trial court erred by denying petitioner's request for an evidentiary

---

[1] The exhibits referenced in this order were provided by respondents in support of the motion to dismiss and are found in the Court's docket at numbers 8-14.

          hearing to determine whether the alleged victim had made a prior false report of sexual abuse against another man.

3.    Petitioner was unduly prejudiced by the admission of evidence of other uncharged sex crimes, which were alleged to have been committed against the victim between 1990 and 1994.

4.    Petitioner was unduly prejudiced by the admission of letters that he wrote to the alleged victim after February 1, 1997.

5.    Petitioner was entitled to eight peremptory challenges instead of four.

6.    The evidence was insufficient to support the verdicts.

Exhibit 56, p. 1.

        The Nevada Supreme Court affirmed the conviction on November 14, 2001. Exhibit 63. Thereafter, petitioner filed a proper person post-conviction petition for writ of habeas corpus in the trial court. Exhibit 72. A supplemental petition was filed on January 8, 2010. Exhibit 102. The trial court denied the petition and petitioner appealed with the assistance of counsel. Exhibits 110 and 111.

        The opening brief on appeal from denial of the post-conviction petition raised several claims of ineffective assistance of counsel alleging that counsel:

1.    Failed to seek the victim's counseling records.

2.    Failed to hire an expert to review the files in preparation for cross-examination.

3.    Failed to cross-examine the investigating officers about their interview techniques.

4.    Failed to introduce a 1995 CPS [Child Protective Services] report and a 1997 medical report that undermined the victim's testimony.

5.    Failed to object to an incorrect characterization of the 1997 charges against him.

6.    Failed to hire an expert to review the victim's statements.

7    Failed to request daily transcripts to improve his cross-examinations.

8.    Failed to object to the admission of a 1995 note from the victim to her grandmother.

        Petitioner further alleged that appellate counsel was ineffective for failing to (1) provide all of the victim's conflicting statements in the opening brief, (2) set out all the evidence produced at trial in support of the claim of insufficient evidence, and (3) file a reply brief.

Exhibit 119.  The Nevada Supreme Court denied relief. Exhibit 124.

On or about June 19, 2012, petitioner handed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to prison officials for mailing.  The petition (ECF No. 4) was received on Jun 23, 2011, and filed on July 21, 2011, after the issue of the filing fee was resolved.  Petitioner raises three grounds for relief including a claim of ineffective assistance of counsel, a claim that his rights to a fair trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments were violated and a claim that his rights under the Fifth, Sixth and Fourteenth Amendments were violated because he did not receive different counsel for his direct appeal.

Respondents move to dismiss the petition, arguing that most of his claims remain unexhausted, many present conclusory allegations not suitable for review and ground three fails to state a claim that is cognizable in federal habeas proceedings (ECF No. 7).

**III.   Discussion**

   A.   Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[2]  Exhaustion typically requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).   State remedies have not been exhausted unless the claim has been fairly presented

---

[2] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). Additionally, a pro se petitioner may exhaust his claim by citing to State case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue"). Moreover, fair presentment requires that the claim be offered in a procedural context which will permit a substantive review on the merits. *Castile v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989).

The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

The fact that the state court does not explicitly rule on the merits of petitioner's claims is irrelevant, because exhaustion requires only that the state court be given the opportunity to consider the claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334, 98 S.Ct. 257, 258 (1978); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d 427 (5th Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975).

Ground One

Ground one, which claims a violations of petitioners Fifth, Sixth, and Fourteenth Amendment right to the effective assistance of counsel and a fair trial, includes numerous subparts as follows:

    A.    Counsel failed to argue for eight peremptory challenges when he was only given four.

|   |    |                                                                                                                              |
|---|----|------------------------------------------------------------------------------------------------------------------------------|
|   | B. | Counsel failed to cross-examine the State's key witness who lied on the stand.                                               |
|   | C. | Counsel failed to object to the admission of hearsay testimony.                                                              |
|   | D. | Counsel failed to seek a mistrial when evidence showed someone else committed the crimes.                                    |
|   | E. | Counsel failed to seek recusal of the judge.                                                                                 |
|   | F. | Counsel failed to object to prosecutorial misconduct.                                                                        |
|   | G. | Counsel failed to object to the 1995 pencil written statement, which was not produced for the defense until trial.           |
|   | H. | Counsel failed to object to the admission of letters written by petitioner to the victim after February 1997.                |
|   | I. | Counsel failed to object to the admission of evidence of other uncharged crimes.                                             |

Petition (ECF No. 4), p. 3.

Respondents argue that each subpart of this ground for relief, except subpart (G), remains unexhausted because they were presented to the Nevada Supreme Court in a procedurally deficient way. The United States Supreme Court has held that presenting a claim for the first time to the state's highest court in a procedural context in which its merits will not be considered is insufficient for purposes of exhaustion. *Castile,* 489 U.S. at 351, 109 S.Ct. at 1060. Here, the Nevada Supreme Court refused to consider all but subpart (G) of petitioner's claims of ineffective assistance counsel on the basis that the claims had not been presented to the trial court below and violated the court's rule for such a review. *See* Exhibit 124.

Petitioner's opposition to dismissal does not demonstrate that the claims were presented in the proper procedural context, and a review of the record does not reveal that the claims were presented to the lower court in any context. The substantive claims which underlie the ineffective assistance of counsel claims were presented to the Nevada Supreme Court on direct appeal. However, the claim that counsel was ineffective for the listed failures was not part of the post-conviction petition or the supplement thereto filed by counsel. Thus, subparts (A)-(F), (H) and (I) were not fairly presented and remain unexhausted.

Ground Two

Ground two of the petition claims petitioner was denied his rights to a fair trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Petitioner claims:

A. The trial judge did not recuse himself despite allegations of a conflict of interest.

B. The trial judge did not allow evidence that the victim had made prior false accusations of sexual misconduct.

C. The trial judge improperly allowed testimony of an "angry niece" who exaggerated time-lines of conversations she had with petitioner.

D. Counsel failed to object to "angry niece" McLaren's testimony.

E. Counsel failed to object to testimony of persons who never witnessed any misconduct.

F. Counsel failed to object to use of pictures which had nothing to do with the case.

G. Counsel improperly used the word guilty in referring to petitioner several times during closing argument.

H. The wording of the charge "child under the age of sixteen" is contradictory and prejudicial because the alleged victim cannot physically be both a child and a teenager.

Petition, p. 5.

Respondents argue that all of ground two remains unexhausted where the various claims were never presented to the Nevada Supreme Court for review, referring the Court to exhibits 56, the direct appeal opening brief, and exhibit 119, the post-conviction appeal opening brief. Petitioner argues that the various claims were presented to the state court in his 2002 post-conviction petition or by counsel on appeal in 2010. However, claims presented in the appeal, but not the petition are not exhausted because they are presented in an improper procedural posture *Castile,* 489 U.S. at 351, 109 S.Ct. at 1060, and claims presented in the petition, but not the appeal also have not been exhausted. *O'Sullivan v. Boerckel,* 526 U.S. at 845, 119 S.Ct. 1728. Ground two, in its entirety, remains unexhausted.

Ground Three

Petitioner claims, in this ground for relief, that his right to criminal proceedings

guaranteed by the Fifth, Sixth, and Fourteenth Amendments was violated because the state court did not appoint a different attorney to represent him on direct appeal in violation of the Nevada Rules of Appellate Procedure.

Respondents argue that this claim has never been presented to the Nevada Supreme Court. In opposition, petitioner argues the merits of the claim, contending that the denial of different counsel for his direct appeal resulted in the omission of claims of ineffective assistance of counsel on direct appeal. He does not counter respondents' assertion about its lack of exhaustion. Moreover, the Court's review of the record confirms that the claim was never presented to any state court. Ground three is unexhausted.

The Court finds that all but ground one (G) of the petition remain unexhausted in state court. Consequently, the Court finds the petition in this action to be a "mixed" petition -- one containing both claims exhausted in state court and claims not exhausted in state court. As such, the entire petition is subject to dismissal, unless petitioner elects to abandon the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983). However, exhaustion is not respondents' final argument for dismissal of the claims. These additional arguments will afect the Court's treatment of the petition.

B.   Conclusory Allegations

Respondents argue that the petition contains numerous conclusory allegations that are insufficient to warrant further review by the Court.

A petitioner must state specific, particularized facts which entitle him to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the Court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review. *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990). Conclusory allegations not supported by a statement of specific facts do not warrant habeas corpus relief. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995), *cert. denied*, 517 U.S. 1143 (1996); *see also Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990).

According to respondents, many of petitioner's claims are conclusory and should be dismissed on that basis. For example, subpart (B) of ground one, which alleges trial counsel "failed to

cross-examine states [sic] key witness who lied on stand several times," is such a conclusory allegation, where the "key witness" is not identified by name and the purported lies are not identified or discussed. The Court agrees that this claim fails to provide sufficient information for the Court to conclude he may be entitled to relief.

Other subparts which fall into this category include ground one, subpart (C) - counsel failed to get hearsay evidence removed; subpart (D) counsel failed to push for mistrial when evidence showed someone else committed the "alleged crime" against the "alleged victim"; subpart (F) - counsel "failed to object to prosecutorial misconduct when prosecutor failed to inform jury of and correct false testimony of states [sic] key witness and failed to inform jury that states [sic] key witness was illegally coerced into testifying by prosecutor"; subpart (I) - counsel failed to object to prejudicial admission of alleged evidence of other uncharged sex crimes committed against alleged victim; ground two, subpart (E) - counsel "failed to object to testimony of others who got on the stand as witnesses who never witnessed any misconduct or wrongdoing by [petitioner]" and testified falsely; and ground two, subpart (F) - counsel "failed to object to prosecutor's use of pictures as evidence that had nothing to do with case or alleged victim....".

These various assertions all fail to provide the Court with crucial identifying information, e.g. the identity of the State's key witness or other witnesses referenced in the claims, the specifics of the hearsay testimony or the evidence showing someone else committed the crime, the specifics about the purportedly false testimony, what photos he objects to and so on. The above-referenced subparts of grounds one and two are, in fact, conclusory and they shall be dismissed from the petition as such.

C. <u>Non-cognizable Claim</u>

Finally, respondents correctly argue that ground three of the petition fails to state a claim that would be cognizable in this federal habeas proceeding. Ground three claims petitioner was entitled to different counsel on direct appeal instead of having his trial counsel continue his representation. Petitioner cites to a state Court rule of appellate procedure.

Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated into one of federal constitutional law merely by invoking

the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997).

There exists a right to counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985). However, there is no constitutionally guaranteed right to have counsel of your choice for assistance on direct appeal. *Martinez v. Court of Appeal of Cal.,* 528 U.S. 152, 163 (2000). Thus, petitioner's claim lacks a federal constitutional basis and must be dismissed.

**IV.    Conclusion**

Petitioner presents a mixed petition which contains a single exhausted claim and numerous other conclusory or unexhausted claims. Petitioner will be given an opportunity to seek a stay and abeyance of his federal petition in order to return to state court to exhaust those claims that are unexhausted and not conclusory. Those claims include ground one, subparts (A), (E) and (H),[3] and ground two, subparts (A)-(D), (G) and (H).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

In view of *Rhines*, before the Court determines how to handle petitioner's mixed petition, the Court will grant petitioner an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent will be granted an opportunity to respond, and

---

[3] Ground one, subpart (G) is the sole exhausted claim presented.

petitioner to reply.

Alternatively, petitioner may advise the Court of his desire to abandon the unexhausted claims by filing with the Court a sworn declaration of abandonment, signed by the petitioner, himself.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 7) is **GRANTED IN PART.** Ground one, subparts (B), (C), (D), (F), and (I) and ground two, subparts (E) and (F) are **DISMISSED WITH PREJUDICE AS CONCLUSORY.** Ground three is **DISMISSED WITH PREJUDICE AS IT FAILS TO STATE A FEDERAL CLAIM.**

**IT IS FURTHER ORDERED** that ground one, suparts (A), (E) and (H) and ground two, subparts (A), (B), (C), (D), (G) and (H) are **UNEXHAUSTED.** Ground one, subpart (G) is **EXHAUSTED.**

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this order to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondents shall thereafter have twenty (20) days to respond. Petitioner shall thereafter have fifteen (15) days to reply.

**IT IS FURTHER ORDERED** that alternatively, petitioner may advise the Court of his desire to abandon the unexhausted claims (ground one, suparts (A), (E) and (H) and ground two, subparts (A), (B), (C), (D), (G) and (H) )by filing a sworn declaration of abandonment, signed by the petitioner, himself. This declaration shall be filed within the thirty days allowed to show cause for non-exhaustion.

Dated this 4th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE