UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DONALD E. PHILIPPI, JR.,

    Petitioner,

vs.

WARDEN PALMER, *et al.*,

    Respondents.

3:11-cv-00447-HDM-VPC

ORDER

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The Court previously determined that the petition contained unexhausted, conclusory or not cognizable grounds for relief and dismissed the noncognizable and conclusory grounds from the petition (ECF No. 31). The Court found that a single ground (ground 1(g)) was exhausted and proper for review, but afforded petitioner the opportunity to show good cause for why he failed to exhaust his state court remedies as to the other claims. Before the Court now is petitioner's Motion for Stay (ECF No. 32) and respondents' Opposition (ECF No. 35).

I.    **Rhines Stay**

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had

good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

In his motion for stay, petitioner argues that he is entitled to a stay because he is a pro se litigant and he believed that the court would "act as the petitioner's counsel" when his motion for appointment of counsel was denied. Motion for Stay (ECF No. 32), p. 2. He argues he is ignorant of the law and procedures and he believed all of the claims raised by his prior attorneys were exhausted. Finally, petitioner argues that the law library hours at his institution have been cut and he must compete with all other inmates for space in the library during its limited hours or operation.[1]

Respondents oppose the motion for stay, noting that petitioner's arguments could all easily apply to any pro se petitioner and that to accept them as cause would turn the *Rhines* stay into one that is routinely granted, in contradiction of the United States Supreme Court's direction for limiting the circumstances in which such a stay is granted.

The Ninth Circuit Court of Appeals has held that, while a showing of good cause under *Rhines* does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005), cause must be sufficient to ensure that the "limited circumstances" identified in *Rhines* do not become routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). In *Wooten*, the court found that petitioner's "impression" that his counsel had presented all of his claims was inadequate, and if it were adequate, nearly every represented petitioner could argue that he "thought" his counsel had presented all his claims. *Id.* Ignorance of the law does not constitute an excuse from due diligence. *See Hughes v. Idaho State Bd. of Corrections*, 800 F2d 905, 909 (9th Cir. 1986). Neither is this Court required to act as counsel for pro se litigants or advise them on procedural or legal questions. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004). Limited hours for legal research and law library access are not uncommon circumstances which would excuse exhaustion.

The petitioner has failed to make a sufficient showing of good cause to excuse his failure

---

[1] Petitioner offers other arguments in his motion for stay, but they relate to the dismissal of other grounds as conclusory.

to exhaust his unexhausted grounds for relief. Therefore, a *Rhines* stay is unavailable and the motion for stay shall be denied. Petitioner will be given one additional opportunity to avoid dismissal of his petition, including the single claim that is exhausted. He will be given an opportunity to advise the Court of his desire to abandon his unexhausted grounds for relief in order to proceed to the merits of his sole remaining claim. If petitioner does not wish to abandon his unexhausted grounds, the entire petition shall be dismissed without prejudice. However, if petitioner were to choose this option and he were to attempt to file another federal petition once his state court proceedings were concluded, he would not be successful, as federal petitions for a writ of habeas corpus are subject to a one-year statute of limitations and his limitation period has already expired.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). *See also* Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. *Duncan v. Walker*, 533 U.S.

167, 181-82 (2001). Equitable tolling of the period might be available, but the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

Petitioner's conviction became final ninety days after the Nevada Supreme Court affirmed his conviction on direct appeal on November 14, 2001.[2] He used up almost seven months of his one-year time period between the time his conviction became final on or about February 14, 2002, and the time he filed his state post-conviction petition on September 9, 2002. The appeal of the denial of that petition was finally decided on April 6, 2011, and the one-year clock started again on May 2, 2011, when the remittitur issued. The filing of a federal petition does not toll the one-year clock, and this case has been pending for more than one year. Petitioner's time has expired and any subsequent federal petition would be untimely.

## II. Conclusion

Petitioner has failed to show good cause sufficient to justify the granting of a stay and abeyance of his federal petition. He will be given thirty days from entry of this order to advise the Court of his desire to abandon the unexhausted grounds and proceed on his sole remaining ground for relief. Failure to timely respond to this order will result in dismissal of his petition as a mixed petition containing exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

**IT IS THEREFORE ORDERED** that the Motion for Stay and Abeyance (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have thirty days from entry of this Order to advise the Court through a written Declaration of Abandonment, signed by petitioner himself, that he wishes to abandon his unexhausted claims and proceed as to Ground 1(g). **Failure to timely respond to this Order shall result in the petition being dismissed in its entirety.**

**IT IS FURTHER ORDERED** that if petitioner files a Declaration of Abandonment, respondents shall have thirty days thereafter to file their Answer to the remaining claim. Petitioner shall

---

[2] This time-line is taken from respondents' Motion to Dismiss (ECF No. 7), which includes full citation to the state court record in support of the dates presented.

1  have thirty days to reply.

2          Dated this 2nd day of October, 2012.

                                          _____
                                          UNITED STATES DISTRICT JUDGE